HAWKINS, APPELLEE, *v.* THE STATE OF OHIO, BUREAU OF MOTOR VEHICLES, APPELLANT.

(No. 85-CA-17—Decided July 24, 1985.)

*David A. Orlins,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Barbara A. Serve,* for appellant.

WOLFF, J. R.C. 4509.101 provides, in part, as follows:

"(A)(1)  No person shall operate, or

permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to his operation of that vehicle.

"* * *

"(C)(1) Every party required to file an accident report under section 4509.06 of the Revised Code shall also include with the report a document described in division (H)(1) of this section. If the registrar determines, within forty-five days after the report is filed, that an operator or owner has violated division (A)(1) of this section, the registrar shall, unless an order based upon the violation has been entered against the operator or owner under division (B) of this section, do all of the following:

"(a) Order the impoundment, with respect to the motor vehicle involved in the accident, required under division (A)(2)(b) of this section, of the certificate of registration and registration plates of any owner who has violated division (A)(1) of this section.

"(b) Order the suspension required under division (A)(2)(a) of this section of the license of any operator or owner who has violated division (A)(1) of this section."

The question raised by this appeal is whether the forty-five day time limit contained in R.C. 4509.101(C)(1) is mandatory or directory. More specifically, if the Registrar of Motor Vehicles failed to determine within forty-five days after the accident report was filed that appellee Hawkins violated R.C. 4509.101 (A)(1), *i.e.*, operated a motor vehicle without proof of financial responsibility, was the registrar divested of authority to do so at a later date, and of authority to suspend Hawkins' driver's license?

The facts are not in dispute. Appellee, Thomas H. Hawkins, was involved in a collision with two power poles on January 4, 1984, at a time that he did not have proof of financial responsibility.

Hawkins did not file an accident report with the registrar as required by R.C. 4509.06, although requested to do so in a letter of April 16, 1984 from the registrar. The State Highway Patrol did file a report with the registrar. At some time beyond the forty-five days after receiving the accident report, the registrar determined that Hawkins was in violation of R.C. 4509.101(A)(1) in that he lacked proof of financial responsibility at the time of the accident. The registrar proceeded, among other things, to suspend Hawkins' driver's license for ninety days, effective September 3, 1984, pursuant to R.C. 4509.101(C)(1)(b) and (A)(2)(a).

Hawkins appealed the license suspension to the Greene County Court of Common Pleas. He argued unsuccessfully that R.C. 4509.101(C)(1) did not even come into play because Hawkins, the only driver, had not filed the accident report required by R.C. 4509.06, which is specifically mentioned in R.C. 4509.101(C)(1) and which refers only to drivers involved in accidents, not the State Highway Patrol. The trial court rejected this argument, concluding that Hawkins could not hide behind his own failure to report an accident to defeat the operation of R.C. 4509.101(C)(1).

It was conceded by the registrar in the trial court, as it is conceded here, that the registrar did not make the determination that Hawkins was in violation of R.C. 4509.101(A)(1) within forty-five days of the filing of the Highway Patrol accident report. It was for this reason that the trial court reversed the ninety-day license suspension.

On appeal, the registrar argues that the forty-five-day period referred to in R.C. 4509.101(C)(1) is merely directory, and not mandatory, and that strict application of the forty-five-day time period would defeat the purpose of the Financial Responsibility Act.

To our knowledge, no appellate

court has passed upon this question although a Franklin County Court of Common Pleas judge has concluded that the forty-five-day time period is directory. *Lamb* v. *McCullion* (Mar. 15, 1985), No. 84-CV-11-6614, unreported.

We conclude that the forty-five-day time limit is merely directory and not mandatory.

"The line of demarcation between statutory provisions which are mandatory and those which are directory is not always a clear one, and it is therefore difficult to lay down any general rule, and impossible to lay down any precise or universal rule, as to when the provisions of a statute are merely directory and when mandatory or imperative.

"It is fairly clear, however, that in determining the mandatory or directory nature of a statute or provision, certain factors or aspects are relevant and certain others are irrelevant. Thus, whether a statute or provision is mandatory or directory does not depend upon its form, but rather upon the intention of the legislature, to be ascertained from a consideration of all the terms and provisions of the act and from a consideration of its nature and character; its reason, object, or purpose; its subject matter and language; its effect; and the consequences which will result from construing it either as mandatory or as directory. With regard to such consequences, the practicability of the operation of the statute is to be considered; provisions of a statute have been adjudged mandatory where a contrary holding would have given an administrative board unlimited latitude and rendered the procedure chaotic." (Footnotes omitted.) 50 Ohio Jurisprudence 2d (1961) 26, 26-29, Statutes, Section 18.

"There are a great many statutes in which the time is fixed for doing stipulated things and in which time is of the essence of the matter; in such event, the statute must be considered to be mandatory, and the act cannot be performed at any other time. On the other hand, there are many statutes where the time designated is not of the essence, as where the time is specified merely with a view to the proper, orderly, and prompt performance or conduct of the statutory matter; in such instances, the provisions are generally regarded as merely directory, at least where the rights of no person or class of persons would be prejudiced by the delay. The fact that a statute authorizes the doing of a particular act within a fixed time does not necessarily mean that such act may not be done after such time where the provision relating to time is merely directory. If the act is performed, but not in the time or in the precise mode indicated, it will still be sufficient if that which is done accomplishes the substantial purposes of the statute. All enactments imposing duties impossible of performance within the stipulated time have been declared directory." (Footnotes omitted.) *Id.* at 36-37, Section 26.

Our conclusion is based upon an analysis of R.C. 4509.101, utilizing the above guidelines for assistance.

Subsection (C)(1) says nothing to the effect that the registrar *shall* make the determination within forty-five days.

Subsection (K) of R.C. 4509.101 states:

"The purpose of this section is to encourage the maintenance of proof of financial responsibility with respect to the operation of motor vehicles on the highways of this state, so as to minimize those situations in which persons are not compensated for injuries and damages sustained in motor vehicle accidents. The general assembly finds that this section contains reasonable civil penalties and procedures for achieving this purpose."

It is clear to us that the primary object of R.C. 4509.101 is, as stated in Subsection (K), the maintenance by

motorists of proof of financial responsibility to lessen the number of incidents of uncompensated motor vehicle injuries and property damage.

This purpose would clearly be undermined by construing Subsection (C)(1) to mean that the registrar is divested of authority to enforce the provisions of R.C. 4509.101 if he fails to make his determination within forty-five days of receiving the accident report.

We are not unmindful of the fact that Subsection (K) states: "* * * The general assembly finds that this section contains reasonable * * * procedures for achieving this purpose," *i.e.,* maintenance of proof of financial responsibility.

This language embraces Subsection (C)(1) and is indicative of the legislature's judgment that the registrar should act within forty-five days of receiving the accident report. But this does not mean that the legislature meant the registrar to be powerless to enforce R.C. 4509.101 in the event he fails to act within forty-five days.

We cannot tell from the record when the State Highway Patrol accident report was filed. We do find a letter to Hawkins from the registrar dated April 16, 1984, referencing the January 4, 1984 accident, instructing him to "complete the enclosed motor vehicle accident report form (MVOS-39) and return it to this office within thirty (30) days," and adding "FAILURE TO REPORT AN ACCIDENT MAY RESULT IN IMMEDIATE LOSS OF YOUR VEHICLE OPERATING PRIVILEGES." We know that Hawkins did not file the report. We also know from the record that Hawkins received a letter, dated August 20, 1984, from the registrar, informing him of, among other things, his ninety-day license suspension effective September 3, 1984, due to noncompliance with R.C. 4509.101.

Although it is conceded that the registrar did not act within forty-five days, it does appear that he acted with reasonable dispatch under the circumstances, including Hawkins' ignoring R.C. 4509.06 and the registrar's April 16, 1984 letter requesting him to file an accident report. The registrar does not appear to have acted with "unlimited latitude," nor does Hawkins appear to have been prejudiced by the delay.

The judgment of the court of common pleas is reversed, and the cause is remanded for vacation of the September 13, 1984 order staying the suspension of Hawkins' driver's license.

*Judgment accordingly.*

KERNS and WILSON, JJ., concur.

WILSON, J., concurring. I concur in the opinion in this case. Broad statutes which establish legislative policy, as opposed to statutes that are specific, are entitled to a broad construction. In this case the narrow construction urged by the appellee would subvert the legislative purpose.